[Crim. Nos. 6420, 6421.    Second Dist., Div. Three.    Apr. 23, 1959.]

THE PEOPLE, Respondent, v. DAVID JAMES MACK, Appellant.

[Two Cases.]

Morris Lavine for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

VALLÉE, J.—In Number 6421 defendant was charged in three counts with forgery. On November 9, 1954, he pleaded guilty to count I, was granted probation, and the other counts were dismissed. On January 15, 1958, probation was revoked. The matter was ordered heard with Number 6420. Defendant was sentenced to state prison. He appeals from the judgment, from what he terms "the order denying probation," and from the order denying a new trial.

In Number 6420 defendant was charged with having furnished heroin to Barbara Burns, a minor of the age of 19 years, "on or about" October 1, 1957, and sentenced to state prison. On May 19, 1958, in a nonjury trial, he was found guilty. He appeals from the judgment, from an order denying probation, and from the order denying a new trial. The orders denying probation are not appealable (*People v. Grace,* 166 Cal.App.2d 68, 71 [332 P.2d 811]) and the appeals therefrom will be dismissed.

### Number 6420

On January 7, 1958, about 10 p. m., Officer Allen arrested Barbara Burns, a minor 19 years of age. At the time, Barbara had hypodermic marks which appeared to be recent on her hands; her skin had been punctured by a hypodermic needle; her eyes were sluggish, watery, and red, and reacted slowly to light. Without objection the officer testified "she was under the influence in my opinion of heroin, or barbiturates of some sort."

Officer O'Grady had been attached to the narcotics division of the Los Angeles Police Department about 10 years. During that time he had participated in over 3,000 arrests. He had observed people injecting various types of opiates intravenously, subcutaneously, and intramuscularly. He had observed them before, during, and after the injection of the narcotic in the opiate group; he had also watched them using cocaine and marijuana. For 10 years he had studied numerous works on narcotics, had attended classes on the subject, and had studied narcotic addicts. He holds a certificate to teach narcotics at the junior college level in California; teaches at East Los Angeles Junior College; and gives instruction on

narcotics to police recruits. He has given more than 250 lectures to various service groups, nurse training groups, and medical doctors. He has testified as an expert in the field of narcotics more than 20 times.

Officer O'Grady examined Barbara about 12:30 a. m. on January 8, 1958. Her pupils did not react to light; she appeared to be suffering from rhinitis; her tear ducts were flowing; she was perspiring under the nose and on the forehead, neck and parts of the arms; the palms of her hands were clammy; there were areas on her hands that had been pierced many times, apparently ''with a hypodermic needle,'' almost to the point of sores.

Over objection Officer O'Grady testified that based on his examination he formed the opinion Barbara was going through withdrawal symptoms; she was about in the twentieth hour of such symptoms of an opiate; there was still an opiate in the system; from his examination and conversing with her more than an hour he formed the opinion she was under the influence of heroin; heroin is an opiate derivative.

The records of the Bureau of Narcotics Enforcement did not show any record of a prescription for an opiate having been issued to Barbara.

Defendant was arrested by Officer O'Grady on January 9, 1958. Over objection that the corpus delicti had not been established, the officer testified that at the time of the arrest he read to defendant a statement Barbara had made previously  The statement in substance was: '' 'I paid $30 a gram for heroin. I have bought approximately 50 times from David Mack. David Mack has fixed me himself 10 or 12 times, and when I shoot I use his outfit. Sometimes I buy less. I call either *he* or William Bombino. And in turn David brings the narcotics to me.' '' Defendant said, '' 'She is a damn liar. She didn't pay me $30 a gram, she only paid me $25' ''; '' 'She is a liar. I didn't give her narcotics 50 times' ''; he was just a delivery boy; he was not making any money out of it; William Bombino would usually call him; he had the narcotics ''stashed'' in various places; when he found out what Bombino said Barbara needed, he would take it to her, get the money, and take the money to Bombino; for this he would get his own narcotics.

Officer O'Grady testified that about an hour later he had another conversation with defendant. Over objection, also on the ground the corpus delicti had not been established, he testified defendant said he had sold narcotics to Barbara and

had charged her $25 a gram; the last time he saw her was "a couple of days ago"; the last time he sold her narcotics was "a couple of months ago." A recording of the second conversation Officer O'Grady had with defendant was played to the court over defendant's same objection. In this conversation a statement Barbara had made to the officer was read to defendant, in which she stated she first met defendant in September 1957 when he sold her a half gram of heroin. Defendant did not deny the fact.

The first assignment of error is that the evidence is insufficient to sustain the charge that defendant furnished Barbara with heroin "on or about" October 1, 1957. Section 955 of the Penal Code reads:

"The precise time at which the offense was committed need not be stated in the accusatory pleading, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense."

■ "The burden was on the People to prove that the offenses occurred within the period of limitation but they are not required to prove the date with exactness. [Citation.] ■ A variance is immaterial unless time is of the essence of the offense. [Citation.] 'An immaterial variance should be disregarded [citations]. ■ The test of the materiality of a variance is whether the indictment or information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense.' " (*People* v. *Amy,* 100 Cal.App.2d 126, 127 [223 P.2d 69].) In *People* v. *Rice,* 73 Cal. 220 [14 P. 851], a prosecution for receiving stolen property, the evidence showed the offense was committed three months before the time alleged in the information. The court held the variance immaterial. In *People* v. *Gatliff,* 88 Cal.App. 589 [263 P. 823], a prosecution for unlawfully manufacturing intoxicating liquor, the information charged the offense was committed "on or about the 22nd day of April, 1927." The proof showed it was committed on May 13, 1927. The court said the contention that there was a fatal variance was wholly without merit. ■ It is ordinarily sufficient if both the day named and the day on which the offense is proven to have been committed are within the statute of limitations and

prior to the filing of the information. (*People* v. *Squires,* 99 Cal. 327, 329 [33 P. 1092].) ■ The offense in the present case was committed within the applicable period of limitations. It is evident that any variance was not material. Defendant admitted he furnished Barbara with heroin many times over a long period going back several months prior to January 8, 1957. He admitted he furnished her with heroin in September 1957. Defendant was not misled in making his defense; he did not testify or offer any evidence except cross-examination of the state's witnesses. On this record there is no danger of his being twice in jeopardy for the same offense. Defendant's argument that by reason of the variance between the information and the proof he was denied due process is entirely untenable.

■ The second assignment of error is that the corpus delicti was not established, hence the court erred in admitting the extrajudicial statements of defendant. The testimony of Officer O'Grady with respect to Barbara's condition and his opinion that she was under the influence of heroin was sufficient to establish that someone had furnished her with heroin. Such evidence, together with the fact that no prescription had been issued to her, established the corpus delicti. (*People* v. *Waack,* 100 Cal.App.2d 253, 254 [223 P.2d 486].)

■ The last assignment of error is that the court erred in permitting Officer O'Grady to testify that in his opinion Barbara was under the influence of heroin. The contention apparently is that the witness was not qualified to express an opinion. The only argument made in this respect is that "the subject of narcotics addiction is a medical matter which should only be testified to by medical men, and that the use of non-medical persons to give their opinions is erroneous and prejudicial." No authority is cited in support of the point. ■ The qualification of a person to testify as an expert witness is a matter within the sound discretion of the trial court; and its determination, in the absence of a clear abuse, will not be disturbed by a reviewing court. (19 Cal.Jur.2d 23, § 296.)

■ For one to be competent to testify as an expert he must have acquired such special knowledge of the subject matter about which he is to testify, either by study or by practical experience, that he can give the trier of fact assistance and guidance in solving a problem for which his own good judgment and average knowledge is inadequate. (*People* v. *Horowitz,* 70 Cal.App.2d 675, 689 [161 P.2d 833]; *Enos* v. *Montoya,* 158 Cal.App.2d 394, 399 [322 P.2d 472].) ■ Where the

witness discloses special knowledge of the subject on which he undertakes to give his opinion as an expert, the question of the degree of his knowledge goes to the weight of his testimony rather than to its admissibility. (*Pfingsten* v. *Westenhaver*, 39 Cal.2d 12, 20 [244 P.2d 395] ; *People* v. *Johnson*, 153 Cal.App.2d 564, 567-569 [314 P.2d 751].)

We think it patent the witness was well qualified to express an opinion as to whether Barbara was under the influence of heroin.

### Number 6421

The only contention in this case is that if the judgment in 6420 is reversed, the judgment in this case should also be reversed because revocation of probation was predicated on the charge in 6420. Since the judgment in 6420 must be affirmed, the judgment in 6421 must also be affirmed.

The appeals from the orders denying probation are dismissed; the judgments and orders denying new trials are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 20, 1959, and appellant's petition for a hearing by the Supreme Court was denied June 18, 1959.