[Crim. No. 3123. Third Dist. Mar. 8, 1961.]

THE PEOPLE, Respondent, v. DONALD HELLMAN, Appellant.

Jerry L. Guthrie, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and John F. Foran, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of the crime of forgery (Pen. Code, § 470). The record shows that shortly after 8 o'clock on the evening of December 23, 1959, defendant entered the men's clothing department of the J. C. Penney Company in Sacramento. He picked out at random several items of merchandise of the value of approximately $60 and presented them to David Lenz, a clerk, together with a check in the sum of $145.42. The check was drawn to the order of Donald Hellman on a form showing the name of "California Advance Reports," 2920 Jay Street, Sacramento, and signed by Robert B. Fulton as maker. Defendant endorsed the check in the presence of Lenz and presented a driver's license as identification. He was informed by Lenz that before the check could be cashed it would be necessary to obtain authorization therefor. Lenz was unsuccessful in his attempt to contact either California Advance Reports or Fulton. He then called the business office of the Penney store and spoke to a Mr. Dougherty, who was in charge of such matters and who was a personal friend of Fulton. Following this conversation with Dougherty, Lenz assumed the check was satisfactory and returned to the clothing department only to find that the defendant had gone. The check was then turned over to Dougherty.

Fulton, when called as a witness for the prosecution, testified that the handwriting on the check was not his and that he had given no one permission to sign his name. He also testified that Hellman had been in his shop several days before the incident and had discussed a possible printing job. He further testified that on the evening of December 23, and prior to the time defendant attempted to pass the check, his shop had been broken into and several checks were missing. A detective with the Sacramento Police Department testified that defendant admitted that he had been in Penney's and had attempted to pass the check. The defendant, however, refused to tell the officer where he had obtained the check. No testimony was offered on behalf of the defendant.

Defendant's first contention is that the evidence was insufficient and in support thereof argues that there was no evidence to show that the check was attempted to be passed with intent to defraud any person. ▮▮▮ " 'To constitute forgery by uttering or passing a forged instrument as defined in section

470 of the Penal Code, three important factors are requisite: 1. It must be uttered, published, passed, or attempted to be passed, as true and genuine; 2. It must be known by the person uttering or passing it to be false, altered, forged, or counterfeited; 3. It must be with intent to prejudice, damage, or defraud some person.' '' (*People* v. *Pounds,* 168 Cal. App.2d 756, 758 [336 P.2d 219]; Pen. Code, § 470.) The record, when viewed in light of the statutory rule, discloses ample evidence to sustain the conviction.

Defendant next contends that there was a fatal variance as to the date of the crime, as charged in the information and the date proved at the trial. It is true the information charged that the crime was committed on December 24, 1959, while the evidence is uncontradicted that it occurred on December 23. A defendant will not be heard to complain of a variance between the date of the crime as alleged and the date indicated by the evidence unless it can be said that such variance misled him in making his defense, or was such as would deprive him of the plea of former jeopardy in the event of another trial for the same offense. (*People* v. *Tracy,* 50 Cal. App.2d 460 [123 P.2d 138].) Apparently in an attempt to bring himself within the rule as stated, defendant contends that since he had passed other checks similar to the one here in issue at about the same time, he was thereby misled and confused and was unable to plan and present his defense in an adequate manner. Such contention is wholly without merit. The only check which he admittedly attempted to pass at the Penney store, so far as the record discloses, was the one with which he was charged in the information.

Judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.