[Crim. No. 45.   Fifth Dist.   Dec. 20, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH HULINGS, Defendant and Appellant.

Donald C. Thuesen, under appointment by the District Court of Appeal. for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Defendant was convicted of uttering and passing a forged instrument as true and genuine, in violation of section 470 of the Penal Code. The trial was had to the court sitting without a jury.

The victim, one Mack Jones, an illiterate, is able to write only his signature. He must have someone prepare the checks which he signs. Defendant sold a saddle to Jones, and observed a third party prepare the check which Jones gave him in payment. This occurred approximately three weeks before defendant passed the check which resulted in his conviction.

Defendant does not deny that the check, which he passed at a bank, was a forgery. His defense is that he had no knowledge that the check was spurious, and that he had no intent to defraud when he passed it. He contends that he won several checks in a series of poker games with a third person by

the same name as the victim. However, defendant could not remember with any exactness when he played poker with the other "Mack Jones." He did not produce Jones at the trial, and no one else except defendant's brother testified that there was such a person. The location of the poker games was likewise indefinite, defendant and his brother testifying that they were held in the home of a person called "Carl Barker," who was not otherwise identified and who was not produced as a witness at the trial.

Appellant first attacks the sufficiency of the evidence to support a finding that he had knowledge that the check was a forgery. Court-appointed counsel centers his argument on the failure at the trial of either the People or the defense to call as a witness a handwriting expert who examined the several checks received in evidence. It is stated in the opening brief:

"While the expert was not called for reasons best known to the respective counsel involved in the trial level, information has been received on behalf of the appellant that the expert determined that People's Exhibits 3 and 6, were in fact genuine signatures of Mack Jones. This was directly contrary to the testimony of Mack Jones, that the signatures on these checks were not his and that he had not authorized anyone to affix his signature to these documents."

Neither People's Exhibits 3 nor 6, referred to in the foregoing quotation, was the check defendant was convicted of forging. Nor is it suggested that the check marked People's Exhibit 8, which defendant was convicted of passing, was not actually a forgery. Counsel for defendant simply argues that the testimony would cast doubt on the testimony of Mack Jones and corroborate defendant's testimony that he was unaware that the check was forged.

[■■] Patently, the statement quoted from the brief is hearsay. We know neither the source nor the authenticity of counsel's information. Obviously these circumstances come within the rule, as well as justify the rule, that an appellate court may not consider matters outside the record. It is said in *People* v. *Gilpin,* 38 Cal.App.2d 24 [100 P.2d 356], at page 26: "The unsworn statement of Thomas E. Gilpin, which was not received in the trial court and appears for the first time in appellant's opening brief, cannot be considered by us for any purpose." (See also *People* v. *Ruiz,* 103 Cal.App.2d 146, 150 [229 P.2d 73]; *People* v. *Evans,* 102 Cal.App.2d 320, 321 [227 P.2d 461].)

Counsel for defendant argues that he must raise this point by way of appeal rather than by *coram nobis* because the evidence cannot be said to be newly discovered. We do not intend to be drawn into a discussion of whether *coram nobis* or habeas corpus would lie in this case. We do point out, however, that in either proceeding affidavits would reveal the substance of the testimony alleged to have been suppressed. The court would be made aware of the time defendant learned of the witness, the matters to which he would testify, and the reason the evidence was not presented at the trial. None of this vital information is before us on this appeal, and we cannot consider the statement made in defendant's brief.

In discussing the evidence upon which the trial court found defendant guilty, it should be noted preliminarily that the evidence need not be such that it satisfies this reviewing court of defendant's guilt beyond a reasonable doubt. ■ It is only the trier of fact that is bound by the rule that a defendant's guilt must be proved to a moral certainty and beyond a reasonable doubt. (*People* v. *Daugherty,* 40 Cal.2d 876, 884 [256 P.2d 911] ; *People* v. *Wozniak,* 167 Cal.App.2d 448, 451 [334 P.2d 689].) A reviewing court need only be satisfied that the circumstances shown by the record reasonably justify the findings of the trier of fact. ■ On appeal it is not enough to simply point out that the circumstances might with reason also be reconciled with a finding of innocence. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778] ; *People* v. *Redrick,* 55 Cal.2d 282, 289 [10 Cal.Rptr. 823, 359 P.2d 255] ; *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal. Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086].)

■ Looking at the record, we find substantial evidence to support the court's finding that defendant knew the signature of Mack Jones was a forgery. Defendant had sold Jones, the victim, a saddle and had accepted his check in payment. Defendant admitted that the poker-playing Mack Jones was not the same Mack Jones to whom he had sold the saddle. He did not produce the ''other'' Mack Jones at the trial. Nor could he remember the dates of the various poker games in which he alleges he won the several checks. His testimony as to the location of the poker games was vague, consisting of the statement that they were held in the home of one Carl Barker, located on a rural road some distance from the Town of Empire. Apparently Carl Barker was as mythical as ''Mack Jones,'' since he was not called to .testify and corroborate the testimony of defendant and defendant's brother;

this, even though the trial court suggested that defense counsel subpoena Barker and bring him to court. Furthermore, at the time defendant sold his saddle to the real Mack Jones, defendant's brother, Ivan Hulings, made out the check for Jones to sign. Thus defendant and his brother were aware of the illiteracy of Jones, and they knew that someone else had to prepare each check for his signature.

Other forged checks signed "Mack Jones" were uttered by defendant. A valid check signed by Mack Jones and given to defendant was received in evidence, but even this check had been raised from $6 to $16 between the time Jones signed it and the time it was cashed. Upon one occasion defendant misrepresented that he was employed by Mack Jones, in order to cash a forged check.

Defendant denied all of the damaging evidence. Ivan Hulings corroborated most of the defendant's testimony, including the existence of the poker-playing Mack Jones, who was never identified nor produced in court. Ivan corroborated defendant's testimony as to the alleged poker games and that the games were hosted by Carl Barker, who likewise was not otherwise identified nor produced as a witness. Ivan Hulings was impeached by his admission that he had suffered three prior convictions of felony. Indeed, he testified that he met the mythical Mack Jones when they "pulled time and joint together," which he explained for the benefit of the court meant that he and Jones served time in prison together.

The trial court simply disbelieved defendant and his brother, and this court will not reweigh the evidence. (*People* v. *Newland, supra.*)      The credibility of witnesses is a matter within the province of the trial court. (*People* v. *Rosborough,* 178 Cal.App.2d 156, 159 [2 Cal.Rptr. 669]; *People* v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836]; *People* v. *Rankin,* 160 Cal.App.2d 93, 100 [325 P.2d 10].)

     The foregoing résumé of the evidence discloses that it is largely circumstantial, yet it amply supports the finding of the trial court that: defendant knew the check described in the amended information was a forged instrument; defendant uttered, published and passed the document as true and genuine, knowing it to be false, altered and forged; he did so with an intent to prejudice, damage or defraud some person. (*People* v. *Hellman,* 189 Cal.App.2d 777, 779 [11 Cal. Rptr. 433].)      It was held in *People* v. *Williams,* 186 Cal.App.2d 420 [8 Cal.Rptr. 871], at page 424:

" ' . . . there is a presumption that an unlawful act was done with an unlawful intent and that a person intends the ordinary consequences of his voluntary act. (Code Civ. Proc., § 1963, subds. 2, 3.) ▮ Section 21 of the Penal Code provides in effect that the intent or intention with which an act is done or performed is manifested by the circumstances surrounding the commission of such act.' (*People* v. *Chapman*, 156 Cal.App.2d 151, 158 [319 P.2d 8].) ''

▮ In point also is the following comment by the court in *People* v. *Rosborough, supra,* at page 163:

"Mere possession of a forged instrument is a circumstance affording some evidence of knowledge of its spurious nature. (Citation.) It is analogous to possession of stolen property which of itself will not prove a theft but 'such possession plus "slight corroborative evidence of other inculpatory circumstances" will suffice.' (Citation.) ▮ Presentation of the instrument for encashment is a representation of its genuineness.''

In the case at bar possession of the forged document and the manner in which it came into defendant's possession, are circumstances which support the court's finding that defendant had knowledge of the forged nature of the instrument. Once the court found that defendant had knowledge the instrument was spurious, then his cashing it at the bank, taking part of the proceeds in cash and depositing the rest to his account, could lead to no other conclusion than that defendant passed it with an intent to defraud someone.

The judgment is affirmed.

Conley, P. J., and Brown, J., concurred.