[Crim. No. 15367.   Second Dist., Div. One.   Nov. 12, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. THEOPLIS DANNY JONES, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—Theoplis Danny Jones appeals from his conviction by the court, sitting without a jury, of the possession of heroin for sale (Health & Saf. Code, § 11500.5) with a prior conviction of automobile theft (Veh. Code, § 10851).

By stipulation the case was submitted on the transcript of the preliminary hearing supplemented by the testimony of the defendant and his wife, Janice Jones. The defendant originally pleaded not guilty and denied the prior conviction, but he later admitted the prior. The court, upon receiving and evaluating the evidence, found the defendant guilty, denied probation and sentenced him to the state prison for the term prescribed by law.

The only issue raised on this appeal is whether the evidence is sufficient to sustain the conviction. Appellant's contention that the evidence is insufficient is without merit.

The record discloses the following facts: William Miller, a state narcotics agent qualified as an expert in narcotics cases, at 4 a.m. on August 31, 1967, parked and was waiting in his car across the street from a single family residence at 1386 West 30th Street in Los Angeles. Jones came out of the house, walked over to the car and addressed Miller, and was questioned by Miller as to whether he could obtain an ounce of heroin. Jones said it would be possible for him to make the purchase, but he wanted to know how much Miller was willing to spend and said that the price ranged from $200 to $800 per ounce depending upon the quality. He then told Miller to come back at about noon that same day and he returned to the house.

Miller did not return to that address again until September 13, 1967. At about 3 a.m. on that date Miller was admitted to the house with a search warrant. Jones' wife, his child, and two other men were present at that time. Miller discovered during his search of the premises 22 multicolored balloons containing heroin which were in a wash basin at the back of the house. In the kitchen he found gelatin capsules and the tops of the balloons. Knowing that heroin is fre-

quently packaged for sale in Los Angeles in balloons with the tops cut off, Miller deduced that the heroin was possessed for purposes of sale. He also found in the course of his search three weapons. Jones, who was last seen at that address by Miller when he made arrangements to purchase heroin in August, was not present, nor did he return to the house before Miller left at about 6 a.m. He was arrested about a month later.

· At the time of the search Miller was possessed of information upon which he based the reasonable belief that Jones was carrying on narcotics traffic from his residence at that address. On August 31, about two weeks earlier, Miller had obtained Jones' agreement to sell him heroin. In addition, Jones' parole officer said that Jones lived at that address; the utilities were in Jones' name; mail addressed to Mr. and Mrs. Theoplis D. Jones was found in the bedroom and a letter addressed to Mrs. Janice Jones was also found; and a man's clothing was found in the bedroom.

Jones and his wife, who was arrested at the time of the search, both testified in his defense. They declared that around the end of August or the beginning of September they separated, but that no separation or divorce papers were filed. Both admitted that Jones lived with his wife at the subject address until their separation, and Jones said that he moved from there to a friend's home on LaSalle street, but that he did not know the address. He claimed that he had not seen his wife since their separation and that he took all his clothing except a few items of old clothes, which he left at the house.

The evidence hereinabove recited amply supports Jones' conviction on the basis that he had knowledge and constructive possession jointly with his wife of the heroin for purposes of sale. It may be reasonably inferred from the evidence that Jones lived at the house with his wife on the date of the search since he admittedly resided there earlier, the utilities were in his name, his parole officer had that address, his mail was addressed there, and otherwise unidentified male clothing was found on the premises. Jones' offer to sell heroin to Miller manifested his dominion and control over a supply of the narcotic to which Jones had access, and to which he could have retained access even if he actually separated from his wife. Despite the time interval between Jones' offer to sell narcotics and Miller's search to locate the narcotics supply, it may reasonably be inferred that the narcotics found were those belonging to Jones.

The effect of the circumstantial evidence in this case is bal-

328

anced upon the credibility of the witnesses, the determination of which lies within the exclusive province of the trial court. (*People* v. *Hulings*, 211 Cal.App.2d 218, 222 [27 Cal.Rptr. 446].) The court was entitled to disregard the testimony of defense witnesses, especially because of the remarkable coincidence that the alleged separation occurred on or about the date of Miller's conversation regarding narcotics for sale and Jones' evasiveness about his present address. His wife's corroborating testimony is suspect at best and she also was charged with a narcotics violation. The court was justified in rejecting the defense testimony and finding that Jones had possession and access to narcotics for sale, as necessarily implied by the determination of Jones' guilt.

██ Possession of narcotics may be established by circumstantial evidence and any reasonable inferences which may be drawn therefrom. (*People* v. *Roberts*, 228 Cal.App.2d 722, 726 [39 Cal.Rptr. 843].) For this purpose it is necessary to prove that the accused exercised dominion and control over the drug with knowledge both of its presence on the premises and of its narcotic character (*People* v. *Redrick*, 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Roberts, supra*, 228 Cal.App.2d 722, 726). Jones' guilty knowledge may be inferred from the circumstances and information related to Mr. Miller upon the occasion when they discussed the purchase and sale of heroin in August. ██ While mere opportunity of access would be insufficient (*People* v. *Redrick, supra*, 55 Cal.2d 282, 285, and cases therein cited) a conviction will be sustained if the accused has the immediate right to exercise dominion and control over the known narcotic, even though his possession is constructive (*People* v. *Wilson*, 256 Cal. App.2d 411, 419 [64 Cal.Rptr. 172]), or is joint with that of another person (*People* v. *Toms*, 163 Cal.App.2d 123, 128 [329 P.2d 90]). ██ The defendant's possession need not be exclusive where more than one person is charged with possession of the same contraband, and the question of what persons had joint possession is one of fact. (*People* v. *Romero*, 161 Cal.App.2d 404, 405 [327 P.2d 205].) ██ We conclude that the evidence was sufficient to sustain appellant's conviction.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied November 25, 1968, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1969.