956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marion F. MILLER, Jr., Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 90-56299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marion F. Miller, Jr., a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Miller, who was convicted in 1981 of numerous sexual offenses and other crimes against ten women, challenges his conviction and the sentence imposed upon him. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Miller first contends that the trial court erred by denying his motion to sever certain counts, where the evidence allegedly was weak, from other counts, where the evidence was stronger. Because Miller does not allege action so prejudicial that it rendered his trial fundamentally unfair, he does not state a claim cognizable by writ of habeas corpus under section 2254. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 4
 Miller next contends that insufficient evidence supports his conviction for offenses against five of the victims. We disagree. Viewing the evidence in the light most favorable to the prosecution, we hold that there is sufficient evidence from which a rational jury could find Miller guilty of the offenses. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Miller next contends that the trial court erred by denying him his constitutional right to self-representation. The trial court did not err by denying Miller's mid-trial request to discharge his retained counsel and proceed pro se. See Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986); see also United States v. Schaff, 948 F.2d 501, 503-05 (9th Cir.1991). The district court properly denied Miller's habeas petition as to this claim.
 
 
 6
 Miller next contends that he was denied a fair trial because there were no African-Americans in his jury venire or on his jury. Miller concedes, however, that African-Americans comprise only one percent of the population of Orange County. The district court properly denied habeas relief as to this claim because Miller did not establish a prima facie case that there was discrimination in the jury selection process. See Nevius v. Sumner, 852 F.2d 463, 466-67 (9th Cir.1988), cert. denied, 490 U.S. 1059 (1989); see also Allen v. Hardy, 478 U.S. 255, 257-61 (1986) (per curiam) ( Batson v. Kentucky, 476 U.S. 79 (1986) does not apply retroactively to convictions such as Miller's that were already final when Batson was announced).
 
 
 7
 Miller next contends that he was denied a fair trial by the introduction of the following evidence at trial: (1) expert testimony regarding Miller's eye condition by an allegedly unqualified expert, who was a general practitioner and not an opthamologist, (2) blood grouping and hair analysis evidence showing that Miller could not be excluded as the rapist, (3) testimony by Charles Villella regarding an alleged attempt by Miller to suborn perjury, (4) prosecution exhibits of bobby pins, K-Y jelly, and a vibrator, (5) testimony by officers regarding statements he made while in custody, and (6) hypnotically enhanced testimony by one of the victims.
 
 
 8
 The district court properly concluded that Miller is not entitled to federal habeas corpus relief on the alleged state evidentiary errors because he has not shown that the alleged errors were arbitrary or so prejudicial that they rendered his trial fundamentally unfair. See Jammal v. Van De Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). First, Miller's due process rights regarding the expert testimony were secured by his counsel's extensive cross-examination of the expert. Second, Miller has made no showing that the blood grouping and hair analysis evidence was unreliable, and his counsel ably cross-examined the hair analysis expert regarding the limited usefulness of hair comparison as a means of reliable identification. Third, Charles Villella's testimony, which contradicted Miller's explanation of the circumstances surrounding his arrest, was relevant and subject to cross examination by defense counsel, who elicited a concession from Villella that Miller never asked him to lie. Fourth, the prosecution's exhibits were relevant, and Miller was able to provide his explanation for them. Fifth, Miller's defense attorney cross-examined both officers about Miller's alleged admissions, and Miller testified as to his version of the sequence of events. Finally, admission of the hypnotically enhanced testimony did not violate Miller's federal constitutional rights.[1] Under the law of this circuit, "the fact of hypnosis affects credibility but not admissibility." United States v. Adams, 581 F.2d 193, 198-99 (9th Cir.), cert. denied, 439 U.S. 1066 (1978). Here, the victim had an independent basis for her testimony aside from the hypnotic session; the hypnotic session allowed her only to remember certain details. Moreover, a tape recording of the hypnosis session was played at the preliminary hearing so that defense counsel could impeach the witness's credibility, and counsel impeached her credibility. Her testimony did not render Miller's conviction fundamentally unfair. See id.; see also Bundy v. Dugger, 850 F.2d 1402, 1416-20 (11th Cir.1988), cert. denied, 488 U.S. 1034 (1989); Harker v. Maryland, 800 F.2d 437, 443 (4th Cir.1986).
 
 
 9
 Miller next contends that the trial court violated state sentencing law when it (1) "relied on dual use of facts in imposing consecutive sentences" and (2) imposed consecutive sentences on certain counts. Because Miller does not allege action so fundamentally unfair as to constitute a due process violation, he does not state a claim cognizable by writ of habeas corpus under section 2254. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 10
 Miller next contends that he was denied a fair trial when (1) the trial judge affixed his initials to modifications of the jury instructions rather than having the instructions retyped and (2) gave two instructions that were not supported by evidence presented by the prosecution at trial. The district court properly determined that Miller is not entitled to relief on this claim because the alleged errors did not "so infect[ ] the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quotation omitted); see Prentil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 11
 Miller next contends that he was rendered ineffective assistance by his trial counsel, who (1) did not seek pretrial appellate review from the denial of his suppression motion, (2) was not granted continuances for pretrial preparation after replacing his former counsel, (3) failed to present an affirmative defense, (4) testified at his trial to rebut the prosecution's suggestion that Miller, his defense attorney, and his defense investigator attempted to suborn perjury from Charles Villella, (5) failed to object to the all white jury, and (6) failed to present expert testimony on the unreliability of hypnotically enhanced testimony. Miller has not shown that his counsel's conduct was unreasonable or that he was prejudiced by his attorney's conduct. Accordingly, his claims of ineffective assistance of counsel fail. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 Miller next contends that he received ineffective assistance of appellate counsel, who failed to raise the issues raised in his habeas petition on direct appeal. This claim fails because the issues raised in his habeas petition lack merit. See id. Similarly, Miller's claim that the cumulative errors raised in his petition denied him a fair trial fails because the issues raised in the petition lack merit.[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California adopted a per se rule excluding hypnotically enhanced testimony in State v. Shirley, 31 Cal.3d 18, 66-67, 181 Cal.Rptr. 243, 641 P.2d 775, cert. denied, 459 U.S. 860 (1982). Shirley, however, applies only to convictions that were not yet final on March 11, 1982, the date Shirley was decided. See State v. Guerra, 37 Cal.3d 385, 390, 208 Cal.Rptr. 162, 163-64, 690 P.2d 635, 636-67 (1984)
 
 
 [2]
 Miller raised other issues in the district court that he does not raise on appeal. Accordingly, we do not address them. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)