**Frank George PRANTIL,**
**Petitioner–Appellant,**

v.

**STATE OF CALIFORNIA,**
**Respondent–Appellee.**

No. 86–6669.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 1987 *.

Memorandum Jan. 4, 1988.

Order and Opinion March 31, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Frank G. Prantil, Fair Oaks, Cal., pro se.

M. Howard Wayne, Deputy Atty. Gen., San Diego, Cal., for respondent-appellee.

Before CHOY, FARRIS and HALL, Circuit Judges.

PER CURIAM:

Frank George Prantil, a California state prisoner, appeals the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.

Prantil, formerly an attorney in California, was introduced to Daryl Bell by his client Melvin Goins. Prantil agreed to represent Bell on a criminal charge. A few weeks later a woman purporting to be Bell's mother asked Prantil to help her negotiate an escrow check from which Prantil would receive his fee. Prantil accompanied the woman to his bank where he informed the teller that the woman was his client's mother and that he wanted to deposit the check into his trust account. The woman signed the check, which was made payable to Joanna F. McKnight, and Prantil endorsed it to his trust account. Neither Prantil nor the woman indicated that the check might not be genuine.

Subsequently, the owner of an escrow agency discovered that three checks were missing from her office. One of the checks

had been made out to Joanna F. McKnight and deposited in Prantil's account. The agent's signature had been forged on the check.

Prantil was charged with forgery in violation of Section 470 of the California Penal Code. At trial, Prantil argued he knew nothing of the forgery, and that he had deposited the check merely for collection purposes to see whether it was genuine. To establish that Prantil knew the escrow check was forged, the prosecution introduced evidence concerning four trust deeds which Prantil had prepared. Prantil had received information suggesting that the four deeds were forged and that Goins and Bell, were responsible for the forgeries.

■ Prantil was convicted of forgery and sentenced to two years in prison. The California Court of Appeals affirmed the conviction. *People v. Prantil*, 169 Cal. App.3d 592, 215 Cal.Rptr. 372 (1985). The California Supreme Court denied review and the United States Supreme Court denied certiorari. *Prantil v. California*, 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 606 (1986).[1]

■ Prantil filed a petition for a writ of habeas corpus in federal district court. The district court summarily denied the petition. This court granted Prantil's application for a certificate of probable cause.[2]

## II.

Prantil contends that numerous trial court errors and a district court delay in deciding his habeas petition denied him due process.

This court reviews de novo a district court's denial of a habeas corpus petition under 28 U.S.C. § 2254. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir.1987). This court presumes the state court's findings of fact to be correct. 28 U.S.C. § 2254(d).

## III.

Prantil contends he was denied due process because the evidence presented at trial was insufficient to establish that he passed the forged escrow check "as true and genuine." [3]

■ This court determines whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ The evidence established that Prantil received information prior to the transaction which suggested that Goins and Bell were involved in a forgery scheme. He also knew that one of the possible victims of the scheme was Joanna McKnight, who was described to him as an elderly woman between the ages of 78 and 80. Yet, despite this knowledge, when Prantil deposited the escrow check into his trust account he did not inform the teller that the check might be a forgery or that the woman with him, who appeared to be approximately 40 to 45 years of age, might not be the person whose name appeared on the check. He merely endorsed the check and asked that it be deposited into his account.

Prantil's knowledge of the previous forgeries and the contradictory descriptions of

1. Because Prantil's direct appeal presented the same constitutional claims as his subsequent habeas petition, it is unnecessary for him to have filed for state habeas relief. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir.1987).

2. Prantil was released from prison on April 20, 1987. However, because a felony conviction may cause a defendant to suffer adverse collateral consequences even after he has served his sentence, a defendant's release from custody prior to the completion of his federal habeas corpus proceedings will not render his petition moot. *Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968).

Prantil was in custody when he filed the petition in district court, so this court retains jurisdiction over the proceedings after he is released. *Id.*

3. Under California law, a person is guilty of forgery if he passes or attempts to pass as true and genuine a forged instrument with knowledge of the forgery and with the specific intent to defraud. Cal. Penal Code § 470; *People v. Hellman*, 189 Cal.App.2d 777, 778–79, 11 Cal. Rptr. 433 (1961). The only element Prantil challenges as lacking sufficient evidence is the true and genuine requirement.

McKnight could have led the jury to reasonably conclude that by failing to alert the bank, Prantil was attempting to pass the check "as true and genuine." *See People v. Williams,* 186 Cal.App.2d 420, 424, 8 Cal.Rptr. 871, 873 (1960) (tender of check purporting to be signed by specific person established "true and genuine" requirement). Thus, the district court did not err in the determining there was sufficient evidence for a rational trier of fact to find that the "true and genuine" requirement was established beyond a reasonable doubt.

### IV.

Prantil contends that the trial court deprived him of due process by giving two erroneous jury instructions.

■ This court evaluates jury instructions "in the context of the overall charge to the jury as a component of the entire trial process." *Bashor v. Risley,* 730 F.2d 1228, 1239 (9th Cir.1984), *cert. denied* 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984). To warrant habeas relief, the instruction cannot be merely "undesirable, erroneous, or even 'universally condemned,'" but must violate some due process right guaranteed by the fourteenth amendment. *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Moreover, the petitioner in a habeas proceeding has the burden of demonstrating that an erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Darnell v. Swinney,* 823 F.2d 299, 301 (9th Cir. 1987), *petition for cert. filed,* (Oct. 1, 1987).

■ Prantil challenges the trial court's instruction regarding the elements of forgery. He contends that by omitting the "true and genuine" requirement, the trial court denied him his due process right to have the jury consider each element of the charged offense. *See Connecticut v. Johnson,* 460 U.S. 73, 87–88, 103 S.Ct. 969, 978, 74 L.Ed.2d 823 (1983) (instruction on presumption of intent reversible error because permitted jury to convict defendant without examining evidence concerning essential element of crime).

The trial court gave the following instructions on the elements of forgery:

Now, in order to prove the commission of such crime [forgery], each of the following elements must be proved, each of them. Here we go.

Number one, that a person passed or offered to pass a forged instrument. That is the first one.

Two that such person knew that the instrument was forged; and three, that such person passed or offered to pass such instrument with the specific intent to defraud another person or persons.

Although the instruction omitted the "true and genuine" requirement, we consider the instruction in conjunction with the other instructions. *See Bashor,* 730 F.2d at 1239. Prior to giving the challenged instruction the court told the jury:

Now, every person with the specific intent to defraud—now, remember that I told you 'specific intent.' That's it. That's specific intent—with the specific intent to defraud another, utters, publishes, passes or attempts to pass or make use—there's a lot of things here—or make use of, *as true and genuine,* any false, altered, forged or counterfeited instrument or document, knowing the same to be false, altered, forged or counterfeited, is guilty of the crime of forgery. (emphasis added)

Because the overall charge to the jury informed them of the true and genuine requirement, Prantil was not denied his due process right to have the jury consider every element of the crime.

■ Prantil also contends he was denied due process because the trial court gave an inapplicable and erroneous jury instruction on aiding and abetting. Prantil argues that the accomplice instruction removed an issue of intent from the jury's consideration and thus constituted reversible error under the reasoning of *Johnson* and *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

■ However, the prosecutor specifically denied that Prantil could be guilty as an

aider and abettor instead of as a principal. An erroneous jury instruction does not merit habeas relief if the deficiencies pertain to matters that are not in dispute and the error did not so affect the entire trial as to deprive the defendant of due process. *See Darnell,* 823 F.2d at 302–03. The trial court gave proper instructions regarding the intent necessary to convict Prantil as a principal to the forgery. Because the prosecution did not present an accomplice theory, any deficiencies went to a matter that was not in dispute. The error did not mislead the jury on a disputed issue and thus did not so infect the trial as to deprive Prantil of due process. *Id.*

### V.

Prantil contends that the trial court denied him due process by refusing to grant judicial use immunity to a potentially exonerating witness.

On his motion for a new trial, Prantil claimed that Goins could testify that Goins and Bell had set up Prantil, that Prantil was unaware that the check was stolen, and that Bell had lied to Prantil when he said there were criminal charges pending against him. Goins had been unavailable to testify at the trial because he was in prison on an unrelated charge. At the new trial hearing Goins invoked the privilege against self-incrimination and refused to testify at the trial unless he received judicial use immunity because he was in prison on an unrelated charge. The court denied Prantil's motion to grant immunity to Goins.

■ Under California law, a court may only grant immunity on the prosecutor's request. Cal. Penal Code § 1324. *See In re Weber,* 11 Cal.3d 703, 720, 523 P.2d 229, 240, 114 Cal.Rptr. 429, 440 (1974). However, the prosecution's failure to request immunity violated Prantil's due process rights if it deprived him of his right to a fair trial. *See United States v. Garner,* 663 F.2d 834, 839 (9th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982).

■ Here, Prantil's unsupported assertion is the only indication that Goins would have presented exculpatory testimony had he been granted immunity. The record contains overwhelming evidence that Prantil was not an unwitting accomplice in the crime, much of which would not be controverted by Goins' testimony even if that testimony is as Prantil contends it would be. For example, Prantil knew that the woman who deposited the check in his account did not match the description of the woman whose name appeared on the check. On these facts, we hold that Prantil was not deprived of a fair trial. If Prantil was denied a fair trial in this case, trial courts would be required to grant immunity simply on the basis of unsupported allegations by criminal defendants that immunity is required by due process.

Moreover, Prantil has made no showing that any misconduct on the part of the prosecutor caused Goins to invoke his privilege against self-incrimination. *See United States v. Lord,* 711 F.2d 887, 890–92 (9th Cir.1983).

### VI.

Prantil contends he was denied due process because of a twenty-month delay between the date of the alleged crime and the date of the indictment.

A pre-indictment delay, unlike a delay in bringing a charged defendant to trial, is "tested by general proscriptions of due process." [4] *Arnold v. McCarthy,* 566 F.2d 1377, 1381 (9th Cir.1978). A pre-indictment delay does not justify habeas relief unless the defendant can show actual prejudice. *Id.* at 1382. To prove actual prejudice a defendant must give more than "mere assertions that ... witnesses' memories may have faded with the passage of time...." *United States v. Horowitz,* 756 F.2d 1400, 1405 (9th Cir.1985), *cert. denied,* 474 U.S. 822, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985).

■ Prantil contends that he suffered actual prejudice because the bank teller

---

**4.** Once a suspect is indicted, the more stringent requirements of the speedy trial right apply. *Arnold v. McCarthy,* 566 F.2d 1377, 1382 (9th Cir.1978).

could no longer remember the details of the escrow check transaction. However, the state court of appeals found that the delay did not affect the teller's memory. In addition, the court noted that Prantil was benefited by the teller's unresponsiveness to certain questions; therefore there was no prejudice.

■ Prantil also claims that a seven-month delay between the time he filed his habeas petition and the time the district court dismissed the action violated his right to due process.[5]

■ In *Carter v. Thomas*, 527 F.2d 1332 (5th Cir.1976), the Fifth Circuit held that a district court's procedure for handling habeas petitions which routinely resulted in delays of up to twenty months violated due process. However, in *Satterlee v. Kritzman*, 626 F.2d 682, 683 (9th Cir.1980), we held that a district court's clerical error which resulted in an eight-month delay between the dismissal of a prisoner's habeas petition and the time his files were forwarded to the court of appeals did not deprive the petitioner of any substantive rights. As in *Satterlee*, here there is no policy of discrimination and no showing that the delay was purposeful.

### VII.

We conclude that the district court properly dismissed Prantil's petition for a writ of habeas corpus.

AFFIRMED.

---

5. Prantil first raised the issue in his brief to this court. Ordinarily, this court will not decide an issue which was not raised at the District Court. *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985). The court may decide an issue for the first time on appeal, however, where review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. *Id.* Because a claim that a district court violated a party's due process rights questions the integrity of the federal judicial system, we review Prantil's claim despite his failure to raise it below.