942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. MYERS, Petitioner/Appellant,
v.
B. J. BUNNELL, Respondent/Appellee.
 No. 90-15236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1991.*
Decided Aug. 21, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Terry Myers appeals pro se the denial of his habeas petition challenging his conviction by jury trial for murder and robbery. We affirm.
 
 I. Due Process Claims
 A. Jury Instructions
 
 3
 We agree with the district court that if the aiding and abetting instruction given by the state trial court was error it was harmless beyond a reasonable doubt. There was ample evidence that Myers was the actual perpetrator of the robbery or attempted robbery of three of the victims, that he joined Edwards in the robbery of the felony murder victim, and that the robberies were all part of the same transaction. Myers therefore had the requisite intent to support the murder conviction.
 
 
 4
 It was not error for the trial court to decline to give the instructions on identification requested by Myers. No instruction was necessary regarding improper suggestion because there was no evidence that suggestive procedures were used in the out-of-court identifications. Myers's proposed instruction on opportunity and ability to perceive was adequately covered by the instruction given, CALJIC 2.20.
 
 B. Sufficiency of Evidence
 
 5
 Myers's claim that no rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt is meritless. See Prantil v. State of Cal., 843 F.2d 314, 316 (9th Cir.), cert. denied, 488 U.S. 861 (1988). He was identified as the actual perpetrator of the robbery of Gama and the attempted robbery of the occupants of the car and as a participant in the robbery of the murder victim at the back of the car immediately thereafter. The jury found the identification testimony credible. There was substantial evidence that he, with the shooter, had formed the intent to rob all of the victims and that the robberies and murder were all part of the same transaction.
 
 II. Sixth Amendment
 
 6
 Assuming arguendo that the trial court erred in declining to allow Myers to cross-examine one of the robbery victims regarding a previous conviction for the sale of marijuana and related upcoming work-release determination, the error was harmless beyond a reasonable doubt. See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). Myers was permitted to cross-examine the victim regarding marijuana use on the night of the crime. The trial court's finding, after a hearing, that there was no basis for an inference of bias because of the prior conviction is entitled to a presumption of correctness. Finally, substantial evidence corroborated the victim's identification of Myers.
 
 
 7
 The government's use of leading questions based upon a hostile witness's out-of-court statements did not violate Myers's Sixth Amendment right to confrontation because the witness was subject to full cross-examination. See California v. Green, 399 U.S. 149, 164 (1970).
 
 
 8
 Myers has failed to carry his burden of demonstrating that his counsel was ineffective because he failed to object to the introduction of Edwards's statement that Myers was present at the scene of the crime and Edwards's request that his father retrieve his gun from a friend. Even assuming that this failure could constitute deficient performance, there was no prejudice. Overwhelming independent evidence established that Myers was at the scene and that Edwards shot the victim.
 
 III. Fifth and Fourteenth Amendments
 
 9
 The police officer's comment on direct examination that Myers had not denied that he was involved in the robbery after being confronted with evidence that implicated him was beyond the scope of the government's proper question and was not pursued further. There was no prosecutorial misconduct. The comment was a violation of Myers's due process rights, see Doyle v. Ohio, 426 U.S. 610, 617-18 (1975), but was harmless under Chapman v. California, 386 U.S. 18, 24 (1967). The comment was isolated and the evidence of Myers's guilt overwhelming.
 
 IV. Fourth Amendment
 
 10
 Myers may not collaterally attack the admission of illegal evidence because he does not allege that he did not receive a full and fair hearing on the Fourth Amendment issue in state court. Stone v. Powell, 428 U.S. 465, 494 (1976). Assuming arguendo that Myers's claim is cognizable and that the taping of the conversation in the interview room was a Fourth or Sixth Amendment violation, the admission of the conversation was harmless error in light of the overwhelming evidence of Myers's guilt.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3