956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel LOPEZ, Petitioner-Appellant,
v.
Sam LEWIS, Respondent-Appellee.
 No. 91-15145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 2, 1992.
 
 Before WILLIAM B. CANBY, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Lopez, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Lopez first contends that insufficient evidence supports his conviction. Viewing the evidence in the light most favorable to the prosecution, we hold that there is sufficient evidence from which a rational jury could find Lopez guilty of the offense. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 4
 Lopez next contends that he was denied a fair trial because the trial court refused to allow testimony regarding the victim's psychiatric history, denied him discovery regarding the victim's prior claims of rape by other persons, and admitted evidence regarding Lopez's use of an alias. Miller is not entitled to federal habeas corpus relief on these alleged state evidentiary errors because he has not shown that the alleged errors were arbitrary or so prejudicial that they rendered the trial fundamentally unfair. See Jammal v. Van De Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 5
 Lopez next contends that he was denied a fair trial because the trial court refused defense instructions regarding intoxication and specific intent. Lopez's attorney withdrew the intoxication instruction, however, and the trial court instructed the jury on the element of intent necessary to convict Lopez of attempted sexual assault. The alleged error did not "so infect[ ] the entire trial that the resulting conviction violates due process," and accordingly, Lopez is not entitled to federal habeas corpus relief on this claim. Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quotation omitted); see Prentil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3