967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
P. Freeman LAZOR, Petitioner-Appellant,
v.
Eddie YLST, Warden; James Rowland, Director, Respondents-Appellees.
 No. 91-16197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided June 4, 1992.
As Corrected July 9, 1992.
 
 Before CHAMBERS, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Freeman Lazor appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his murder conviction. He alleges that his rights under the fifth, sixth and fourteenth amendments were violated by errors in the state court jury trial in which he was convicted of second degree murder with the use of a handgun.
 
 
 3
 Lazor was charged with murdering John Allred under circumstances which strongly suggested deliberate and premeditated action. His defense at trial was that Allred had attacked him with a BB gun and he had fired (five shots in the back and head) only in self-defense. Physical evidence at the scene, and autopsy results showing likely entry and exit wounds on the victim all mitigated against the self-defense theory. The standing enmity between the defendant and the victim appeared equally to support a theory of self-defense and premeditated assault. (Either might have attacked the other.)
 
 
 4
 Lazor's briefs raise the following issues: the state trial is constitutionally infirm (1) due to prosecutorial misconduct; (2) due to ineffective assistance of counsel and (3) because of improper jury instructions given by the trial court. Lazor also challenges (4) the district court's denial of his habeas petition without an evidentiary hearing.
 
 
 5
 With respect to prosecutorial misconduct, the state conceded that the prosecutor violated the rule set forth in Griffin v. California, 380 U.S. 609 (1965), when he commented during closing argument on Lazor's having phoned a lawyer only moments after the shooting. The error has been properly determined to have been harmless, however, in view of the quantity of evidence against Lazor and the fact that the comment figured only marginally in the prosecutor's closing comments. The comment did not undermine the petitioner's principal defense in the case, which was self defense. Contrast People v. Schindler, 114 Cal.App.3d 178, 170 Cal.Rptr. 461 (1980), where a comment on attorney consultation did undermine the defense of diminished capacity in a close evidentiary case. The petitioner also maintains that the prosecutor falsified evidence, but this contention is groundless. The evidence in question was the petitioner's appointment book which was sanitized pursuant to a stipulation between defense counsel and the prosecution in order to prevent the jury from seeing more prejudicial entries in the book.
 
 
 6
 The petitioner's contentions of ineffective assistance of counsel are more far reaching, but ultimately must fail. There is no basis in the record to support a theory that defense counsel could have successfully moved to suppress entirely the appointment book and other writings of the defendant. Petitioner argues at length concerning an entry beginning with the phrase "Get Dictator" contending that the prosecutor and defense counsel conspired to prevent the jury from seeing the phrase which followed ("G.E. Servicenter"), that petitioner contends would have given support to his theory that the "Dictator" referred to a machine rather than to the victim's uncle. It is difficult to understand how the admission prejudiced the defendant since, as the state court of appeal pointed out, there were four other entries in the log referring to "Dictator Garnier." Counsel's decision to present character witnesses is amply justified as a strategic decision to prevent the state from countering with bad character evidence. The petitioner's claims of conspiracy between his counsel and the prosecutor are not only contradicted by affidavits of both lawyers, but are wholly uncorroborated by the record. Appellant's counsel at oral argument before this court stressed the appellant's allegations that his counsel prevented him from testifying truthfully, for example, using hand signals to prevent his giving full answers to questions or to dictate what answer should be given. Our review of the trial court transcript provides no indication that petitioner's answers were in any way inhibited by his counsel other than his allegation, during proceedings on the defense's motion for a new trial, that both the prosecution and defense counsel cut short some of his answers on the witness stand. Our review of the post-conviction affidavits submitted by the appellant reveal no coherent testimony that defendant could have presented, but was prevented by counsel from presenting, that might have favorably impressed the jury on his behalf. The record reflects that Lazor's counsel presented the issue of self defense effectively by presenting evidence of the victim's aggressive tendencies, by rebutting the prosecutor's characterization of Lazor as calm at the time of the shooting and by arguing to the jury that Lazor shot Allred in a panic because Allred broke into Lazor's room with a BB gun.
 
 
 7
 Lazor contends that the trial court erred in giving to the jury the prosecutor's requested jury instruction on self defense (CALJIC 5.12) because that instruction removes from the jury's consideration the element of intent. However, the trial judge gave numerous jury instructions telling the jury what it needed to find in order to conclude that Lazor intended to kill the victim. Because the trial court gave the jury proper instructions on intent to kill in self defense, the trial court did not deprive Lazor of any due process rights. See Prantil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 8
 Finally, the district court committed no error in denying the petitioner's request for an evidentiary hearing pursuant to Townsend v. Sain, 372 U.S. 293 (1963), a decision which the Supreme Court recently overruled. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1717-18 & n. 2 (1992). There is no basis in this record for a remand to consider whether there was cause and prejudice for petitioner's failure to develop a full evidentiary record in California state courts.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3