24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Walter B. MYERS, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, and Attorney General, Respondent-Appellee.
 No. 93-16053.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided April 21, 1994.
 
 Before: SCHROEDER, D.W. NELSON and CANBY, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walter B. Myers, a California state prisoner, appeals the district court's denial of his habeas corpus petition. In his habeas petition, Myers contended that the trial court's admission of evidence of prior convictions violated due process. He argued that the trial court's failure to instruct the jury sua sponte on the use of deadly force to apprehend a fleeing felon also violated due process. We affirm the denial of the petition.
 
 DISCUSSION
 I.
 
 3
 Myers was arrested on December 12, 1984, when Bakersfield police responded to a call that a woman had been stabbed. When police responded to the scene, they found Betty Dewitty in her apartment, injured and hysterical. Myers was nearby and intoxicated. He claimed that he had caught Dewitty burglarizing his apartment and stabbed her in the hallway in self-defense as she fled with his money. He also claimed that she and an accomplice had robbed him the previous day.
 
 
 4
 Dewitty's story was different. She testified that two or three weeks before the stabbing, Myers threatened her with a knife for refusing to lend him $2. She denied stealing money from him and denied ever going into his room. On the night she was stabbed, she claims she was asleep when Myers cut her stomach open and cut her breast, nose, and side with a knife. Dewitty admitted having prior drug and burglary convictions and that she was in jail under a false name at the time of Myers's trial.
 
 
 5
 Following a jury trial, Myers was convicted of attempted voluntary manslaughter. Prior to trial, the trial court denied Myers's motion to suppress evidence of several convictions, including his 1947 manslaughter conviction. He alleged that, in instructing the jury, the state court erred in failing to give sua sponte an instruction on the use of deadly force to apprehend a fleeing felon.
 
 
 6
 On appeal, the California Court of Appeals agreed that the trial court erred in ruling evidence of the prior convictions to be admissible and failing to give the fleeing felon jury instruction. However, it found the errors harmless. The district court agreed and denied his petition for habeas corpus. Myers now appeals.
 
 II.
 
 7
 We review de novo a district court's denial of a petition for writ of habeas corpus. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988).
 
 
 8
 A. Erroneous ruling regarding prior convictions.
 
 
 9
 The trial court denied Myers's motion to suppress evidence of several prior convictions. Attempting to mitigate preemptively the potential damage of such evidence, defense counsel alluded in his opening statement to a 1947 manslaughter conviction. The government, however, did not introduce evidence of any convictions.
 
 
 10
 The state court of appeal determined that the ruling denying the motion to suppress was erroneous under state law. However, mere error under state law is not a basis for habeas relief, unless it so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, Id. The mention of the conviction by defense counsel, induced by the denial of the motion to suppress, had minimal impact. The jury was instructed that lawyers' statements are not evidence. Furthermore, overwhelming evidence of Myers's guilt was properly introduced. Although Dewitty's credibility was not strong, her account was corroborated by the physical evidence at the scene. The minimal impact that the mention of Myers's near-40-year-old conviction may have had was outweighed by Myers's inconsistent accounts of the events and the uniformity between Dewitty's testimony and the physical evidence corroborating her story. The error did not so infect the trial as to violate due process.
 
 B. Jury Instruction
 
 11
 In examining the jury instruction issue, the state court of appeal agreed that the failure to instruct on the use of force to apprehend a fleeing felon may have been a technical error at the time it was given. The permissibility of use of deadly force, even by police, has since been curtailed by the Supreme Court, see Tennessee v. Garner, 471 U.S. 1 (1985), and the failure to give the instruction, thus, would not constitute error if the crime was committed today. In any event, the state court of appeal found the error harmless beyond a reasonable doubt.
 
 
 12
 We must evaluate the jury instruction in light of the overall jury charge and the entire trial. Prantil v. California, 843 F.2d 314, 317 (9th Cir.), cert. denied, 488 U.S. 861 (1988). We may overturn a conviction for an instructional error only if the habeas petitioner proves that the error "so infected the entire trial that the resulting conviction violates due process." Id. Myers's defense at trial was self-defense. The trial court read a litany of instructions on self-defense. In view of the jury's rejection of Myers's primary defense and in light of his incredible testimony, we cannot conclude that the court's failure to give sua sponte a fleeing felon instruction had any impact on the result. Consequently, we agree with the state court of appeal and the district court that the instructional error was harmless.
 
 III.
 
 13
 For the reasons state above, we affirm the denial of the petition for habeas corpus.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3