45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry BRIZENDINE, Petitioner-Appellant,
v.
William A. MERKLE, Warden at California Correction Center,
Respondent-Appellee.
 No. 94-15786.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 21, 1994.*
Decided Dec. 21, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jerry Brizendine, a former California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging the sufficiency of the evidence to support his conviction for wilful tax evasion, Cal.Rev. & Tax Code Sec. 19406 (recodified as section 19706). We agree with petitioner that his appeal is not moot even though he has been released from custody. See Prantil v. California, 843 F.2d 314, 316 n. 2 (9th Cir.), cert. denied, 488 U.S. 861 (1988). We disagree, however, with his argument that there is insufficient evidence to support his conviction.
 
 
 4
 Brizendine argues there is insufficient evidence because the state failed to prove an "affirmative act" of tax evasion. The state statute, however, requires proof that a person "wilfully" failed to file a tax return with "intent to evade payment of taxes." There is no specific requirement of proof of an affirmative act. The "intent to evade" language defines the mental state requirement that distinguishes the felony offense of tax evasion from the misdemeanor offense of failing to file a tax return, Cal.Rev. & Tax Code 19401 (recodified as 19701). See State v. Smith, 203 Cal.Rptr. 196, 228-29 (Cal.App. 4 Dist.1984), cert. denied, 469 U.S. 1160 (1985).
 
 
 5
 We agree with the district court that the state met its burden of proof as required by the state law. As the magistrate judge noted:
 
 
 6
 The evidence at trial showed that petitioner filed tax returns until 1980, when he stopped. The uncontradicted evidence showed that petitioner filed no tax returns for the years at issue in spite of having sufficient income to require filing. There was evidence that before trial, at a hearing before the Franchise Tax Board, petitioner acknowledged the state's computation of the tax due, but claimed a variety of constitutional reasons for his failure to pay.
 
 
 7
 ER 18. Moreover, the evidence showed that Brizendine closed bank accounts and transacted business on a cash basis following the garnishment of his income for failure to pay taxes. There is no federal constitutional bar to the admission of such relevant evidence, and the jury was entitled to draw the reasonable inference that Brizendine thus wilfully failed to file tax returns with the intent to evade taxes.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3