108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dewitt Moore DYKES, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 96-15015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 10, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dewitt Moore Dykes, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Dykes contends that the district court erred by denying his petition because: (1) the trial court failed to instruct the jury on consent; (2) the information did not give him adequate notice with which to defend himself; and (3) his due process rights were violated during the state court proceedings. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 * Jury Instructions
 
 
 4
 Dykes first contends that the trial court should have sua sponte instructed the jury that a person who has taken a child too young to consent must have an unlawful purpose to be convicted of kidnapping. This contention lacks merit.
 
 
 5
 "When a habeas petitioner asserts a due process violation on the basis of jury instructions, our review is limited to determining whether an allegedly defective jury instruction so infected the entire trial that the resulting conviction violates due process." Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir.1993) (quotation omitted). A petitioner's burden is "especially heavy" when the court fails to give an instruction. Henderson v. Kibbe, 431 U.S. 145, 155 (1977). "This court evaluates jury instructions in the context of the overall charge to the jury as a component of the entire trial process." Prantil v. California, 843 F.2d 314, 317 (9th Cir.1988) (quotation omitted).
 
 
 6
 Here, Dykes was charged with two counts of kidnapping for ransom. There is no dispute that the two victims were children incapable of consent. CALJIC No. 9.57 requires that for a person who has taken children too young to consent to be convicted of kidnapping, the jury must find that person has an unlawful purpose. See CALJIC No. 9.57 (West 1995).[1] Dykes argues that because the jury was not instructed with CALJIC No. 9.57, they could have found him guilty of kidnapping the two children without finding that he had the requisite specific intent.
 
 
 7
 The jury was, however, instructed that in order to find Dykes guilty of kidnapping the two children for ransom, the jury had to find that "[t]he kidnap of such person was done with the specific intent to hold or detain such other person for ransom or to obtain something of value from another." CALJIC No. 9.53 (West 1991). The jury was also instructed that in order to find Dykes guilty of kidnapping for ransom "there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator. Unless such specific intent exists the crime or allegation to which it relates is not committed." CALJIC 3.31 (West 1989). Given the instructions as a whole, see Prantil, 843 F.2d at 317, we agree with the district court that Dykes conviction did not violate due process, see Masoner, 996 F.2d at 1006.
 
 II
 Adequate Notice
 
 8
 Dykes next contends that the information did not give him adequate notice that the State intended to show rape was the crime underlying the burglary charge. This contention lacks merit.
 
 
 9
 "The Sixth Amendment, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges against him." Calderon v. Prunty, 59 F.3d 1005, 1009 (9th Cir.1995). A defendant may receive constitutionally adequate notice of an underlying charge by means other than the charging document. See e.g. Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir.1992); Calderon, 59 F.3d at 1009 (holding that description of crime in opening argument adequately apprised defendant of the charges against him).
 
 
 10
 Here, Dykes was charged with burglary in violation of section 459 of the California Penal Code, defined in the information as "willfully and unlawfully enter[ing] the inhabited dwelling house ... with the intent to commit larceny and any felony." At the preliminary hearing, the adult victim testified that after Dykes had forced her into her home, he ordered the victim to "go lay down on the bed, and he would come in and take care of [her] his way." This gave Dykes adequate notice. See Morrison, 981 F.2d at 427-28; Calderon, 59 F.3d at 1009. In addition, the prosecution highlighted this statement during opening argument and the victim gave the same testimony at trial. The jury was instructed that the prosecution had to prove that Dykes entered the adult victim's house and that "[a]t the time of the entry, such person had the specific intent to commit the crime of kidnapping, robbery, and/or rape."
 
 III
 Due Process Violations
 
 11
 Finally, we reject Dykes' contention that his due process rights were violated because the California courts failed to follow state law when upholding his conviction. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that habeas relief is not available for alleged errors in the application of state law); Carriger v. Stewart, 95 F.3d 755, 762 (9th Cir.1996) ("[W]e have held that federal habeas relief isn't available to redress alleged errors in state post-conviction proceedings.").
 
 
 12
 Accordingly, the district court's denial of Dykes' habeas petition is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dykes' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 CALJIC No. 9.57 provides
 If the person [moved away] [___] is incapable of consenting thereto by reason of immaturity or mental condition, then the person [moving such a person] is guilty of kidnapping only of such act was done [for the purpose of ___] [or] [with the specific intent to [___] after moving.