**Gregorio Moreno MONZANO, Petitioner—Appellant,**

v.

**Cheryl K. PLILER, Warden, Respondent—Appellee.**

**No. 05–16212.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Gregorio Moreno Monzano, California State Prison L.A. County, Lancaster, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**606**

Janice Busch, AGCA–Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Gregorio Moreno Monzano, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging his jury trial conviction for first degree murder for financial gain by a firearm. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's ruling on the merits of a habeas corpus petition, *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002), and we affirm.

■ Monzano first contends that the admission at trial of his confession violated the Fifth Amendment because he attempted to invoke his right to remain silent during the interrogation. The state trial court held a hearing on Monzano's motion to suppress his confession, finding that no constitutional violation occurred because Monzano failed to unequivocally and unambiguously invoke his right to remain silent. The California Court of Appeal agreed. Because Monzano has failed to demonstrate that the state court's factual findings were "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," 28 U.S.C. § 2254(d)(2), or that the California

courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), he is not entitled to habeas relief on this claim. *See Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (holding that an objectively ambiguous or equivocal invocation of Fifth Amendment rights does not require the immediate cessation of interrogation); *Arnold v. Runnels*, 421 F.3d 859, 865 (9th Cir.2005) (applying *Davis* to a petitioner's claim that he had unambiguously invoked his right to silence during a police interrogation).

■ Monzano next contends that the trial court's response to a jury question regarding circumstantial evidence violated his Sixth and Fourteenth Amendment rights to a fair trial. We agree, however, with the California Court of Appeal, which held that the judge's response did not render the trial fundamentally unfair and that any error that may have occurred was harmless. *See Prantil v. California*, 843 F.2d 314, 317 (9th Cir.1988) (holding that, to obtain federal habeas relief on the basis of an erroneous jury instruction, the petitioner must show that the instruction infected the entire trial to the extent that the resulting conviction violates due process).

Finally, Monzano contends that the trial judge's failure to further investigate alleged juror misconduct violated his Sixth and Fourteenth Amendment rights to a fair trial. Although evidentiary hearings are appropriate in some cases, "clearly established federal law, as determined by the Supreme Court, does not require state or federal courts to hold a hearing every time a claim of juror bias is raised." *Tra-*

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

cey v. Palmateer, 341 F.3d 1037, 1045 (9th Cir.2003). On the facts of this case, the trial judge's decision to address the foreperson's note with further jury instructions instead of a formal hearing does not warrant habeas relief. See id.; 28 U.S.C. § 2254(d)(1).

Monzano's October 28, 2005, motion for appointment of counsel is denied.

**AFFIRMED.**