CLD-292                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2206
_____

IN RE: FRANKLIN XAVIER,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 1-08-cr-00018-001)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
June 20, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Franklin Xavier, a federal prisoner, filed this petition for writ of

mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the United States

Magistrate Judge for the District Court of the Virgin Islands to rule on his pro se motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the

following reasons, we will deny the petition.

In June 2012, Xavier filed his § 2255 motion challenging his conviction for unauthorized possession of a firearm and being a felon in possession of a firearm, for which he was sentenced to 15 years of imprisonment. After being granted an extension of time, the Government filed a response on December 14, 2012. Xavier did not file a reply. On April 26, 2013, Xavier filed a petition for writ of mandamus in this Court alleging extraordinary delay in the adjudication of his motion below.[1]

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

"[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). We do not find a failure to exercise jurisdiction in this case. Although a six-month delay is not insignificant and raises some concern, see Madden, 102 F.3d at 79, especially in light of Xavier's sentence, we do not believe that the delay is so lengthy as to justify our intervention at this time.

---

[1] The Court notes that Xavier filed numerous letters requesting status updates and copies of the docket sheet in this matter; the District Court repeatedly mailed copies of the docket sheet to him. (See e.g. Docs. 357, 365, 368).

We are confident that the Magistrate Judge and the District Court will rule on the § 2255 motion without undue delay.  Furthermore, Xavier does not allege that the delay in his case was purposeful or pursuant to a policy of discrimination, cf. Prantil v. California, 843 F.2d 314, 319 (9th Cir. 1988).  Thus, we conclude that there is no basis here for an extraordinary remedy.

For the foregoing reasons, we will deny the petition for writ of mandamus. Petitioner's motions to be relieved of the service requirements and to amend the exhibits are granted.