GLD-380                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3047
_____

IN RE: DEWELL POINDEXTER,
                                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 00-cr-00406)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 8, 2013
Before: FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 15, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Dewell Poindexter seeks a writ of mandamus to compel the

United States District Court for the Eastern District of Pennsylvania to rule upon his

motion for "Independent Action pursuant to [Fed. R. Civ. P.] 60(d)(1)," seeking a

modification of his sentence. We will deny the mandamus petition.

                                                    I.

        Poindexter pleaded guilty to two controlled substance charges and was sentenced

in January 2001, to 144 months of imprisonment and 8 years of supervised release. His

prison sentence was later reduced to 122 months, pursuant to 18 U.S.C. § 3582. In February 2010, while on supervised release, Poindexter was arrested by Pennsylvania authorities. He was convicted of simple assault against a Philadelphia police officer, and was sentenced to a custodial term of one-to-two years. After being released from state custody, he was brought into federal custody for violation of his supervised release. On May 26, 2011, he was sentenced to a term of thirty months of imprisonment, to run consecutively to his state sentence. Thereafter, Poindexter sought reconsideration of his sentence for the violation of supervised release, first by filing a motion requesting that his federal sentence run concurrently to his state sentence, and then by filing a motion nunc pro tunc. Both were denied by the District Court. In February 2013, Poindexter filed a pro se motion for independent action pursuant to Fed. R. Civ. P. 60(d)(1), seeking a modification of his sentence.

In July, Poindexter filed this petition for a writ of mandamus, seeking an order to compel the District Court to rule upon his motion for independent action. Poindexter claims that he has made several phone calls to the District Court Clerk inquiring about the status of his action, but to no avail.

II.

We have jurisdiction under 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a

2

clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

"[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (overruled on other grounds), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). We do not find a failure to exercise jurisdiction in this case, especially in light of this District Court's history of addressing Poindexter's prior motions. Although a six-month delay is not insignificant and raises some concern, see Madden, 102 F.3d at 79, we do not believe that the delay is so lengthy as to justify our intervention at this time. We are confident that the District Court will rule on Poindexter's independent action under Rule 60(d)(1) without undue delay. Poindexter has not alleged that the delay in his case was purposeful or pursuant to a policy of discrimination, cf. Prantil v. California, 843 F.2d 314, 319 (9th Cir. 1988). Thus, we conclude that there is no basis here for an extraordinary remedy.

III.

For the foregoing reasons, we will deny the petition for writ of mandamus. This denial is without prejudice to Poindexter's filing of a new mandamus petition should the District Court not take action in a timely manner.