NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1479
_____

IN RE:  JOSEPH L. RAINEY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civ. No. 4-15-cv-01817)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 26, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed:  June 3, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Joseph Rainey, a federal prisoner, filed this petition for a writ of mandamus

pursuant to 28 U.S.C. § 1651, seeking an order directing the United States District Court

for the Middle District of Pennsylvania to rule on his pro se habeas petition filed pursuant

to 28 U.S.C. § 2241.  For the following reasons, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On September 18, 2015, Rainey filed his § 2241 petition challenging his conviction for conspiracy to distribute 50 grams or more of cocaine base and related drug offenses, for which he was sentenced to life imprisonment. An administrative order was entered on September 22, 2015, advising Rainey that his petition would be dismissed for failure to prosecute if he did not either pay the filing fee or file an application to proceed in forma pauperis within 30 days. Rainey failed to comply, and the petition was dismissed without prejudice in an order entered October 27, 2015. Subsequently, Rainey paid the filing fee, and, on January 7, 2016, filed a motion to reopen his case.[1] No action has been taken on this motion. Rainey filed a petition for a writ of mandamus in this Court alleging extraordinary delay in the adjudication of his habeas petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). "[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d

---

[1] Rainey filed a second motion to reopen on February 1, 2016.

Cir. 1996), but the manner in which a court controls its docket is discretionary, <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).

We do not find a failure to exercise jurisdiction in this case. Although Rainey's mandamus petition alleges delay in adjudicating the habeas petition, because the habeas petition was dismissed, he essentially alleges delay in ruling on his motion to reopen the matter. And while a near six-month delay is not insignificant and raises some concern, <u>see</u> <u>Madden</u>, 102 F.3d at 79, we do not believe that the delay is so lengthy as to justify our intervention at this time. We are confident that the District Court will rule on the motion without undue delay. Furthermore, Rainey does not allege that the delay in his case was purposeful or pursuant to a policy of discrimination, <u>cf.</u> <u>Prantil v. California</u>, 843 F.2d 314, 319 (9th Cir. 1988). Thus, we conclude that there is no basis here for an extraordinary remedy.[2]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[2] We note that Rainey appears to argue that he entitled to issuance of the writ because his judgment of sentence was unlawful. The propriety of his sentence is not before us. If the District Court grants the motion to reopen and its adjudication of Rainey's habeas petition is not in his favor, he may, at the appropriate time, appeal to this Court.