**DLD-074**                                          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 16-4099

———————

IN RE:  JAMAHL SIMMONS,
                                 Petitioner

———————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-13-cr-00669-001)

———————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 15, 2016
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: December 29, 2016)

———————

OPINION[*]

———————

PER CURIAM

     Jamahl Simmons, a federal prisoner, filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the United States District Court for the Eastern District of Pennsylvania to rule on his September 1, 2016 pro se filing. For the following reasons we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In October 2015, Simmons was found guilty of conspiracy to distribute cocaine, attempted distribution of cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. In April 2016, he was sentenced to a term of imprisonment of 300 months. Simmons has since filed two notices of appeal and a number of motions in the District Court.[1] Several of these motions are requests for the return of property which Simmons alleged is unlawfully in the possession of the Government. On August 23, 2016, the District Court denied these requests.

On September 1, 2016, Petitioner filed a motion which he styled as a "Rehearing & De Novo District Court Review Request," asking that the District Court reconsider its denial of his various requests for the return of property. The motion remains pending in the District Court, and Simmons filed a petition for a writ of mandamus in this Court alleging extraordinary delay in the adjudication of the motion.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction [] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain

_____

[1] The appeals have been consolidated in this Court and are pending, see Dkt. Nos. 16-2394 and 16-3549, but are not presently before us.

2

the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). "[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

We do not find undue delay in this case. Although Simmons's mandamus petition alleges delay in adjudicating his September 1, 2016 motion, we do not believe that the delay is so lengthy as to justify our intervention at this time. We are confident that the District Court will rule on the motion without undue delay to the extent that it may have jurisdiction to do so, an issue on which we express no opinion.[2] Furthermore, Simmons does not allege that the delay in his case was purposeful or pursuant to a policy of discrimination. Cf. Prantil v. California, 843 F.2d 314, 319 (9th Cir. 1988). Thus, we conclude that there is no basis here for an extraordinary remedy.

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[2] As Simmons recognizes, the motion on which he seeks a ruling by the District Court appears to overlap to some extent with matters that are at issue in his consolidated appeals and that the District Court may lack jurisdiction to consider at this time in light of those appeals. To the extent that the District Court may lack jurisdiction over Simmons's motion in whole or in part, then that is an additional reason why mandamus relief is not warranted. We leave it to the District Court to consider in the first instance, and at an appropriate time, its jurisdiction over Simmons's motion. Simmons's request that we consolidate this petition with his appeals is denied.

3