**DLD-020**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3171

———————

IN RE:  ANDREW J. MURIN, JR.,
                                                Petitioner

—————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Crim. No. 2:09-cr-00279-002)

—————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 26, 2017

Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed:  November 3, 2017)

—————

OPINION\*

—————

PER CURIAM

     Andrew J. Murin, Jr., a federal prisoner, filed this petition for a writ of mandamus

pursuant to 28 U.S.C. § 1651, seeking an order directing the United States District Court

for the Western District of Pennsylvania to rule on his December 15, 2016 post-judgment

motion, which has been fully briefed since February 7, 2017.  For the following reasons,

we will deny the petition.

—————————————

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2011, Murin pleaded guilty to aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 & 1342. As part of his plea agreement, he agreed to waive his right to file a direct appeal, except in limited circumstances, and to file any collateral attack, including a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Murin was sentenced to 120 months' imprisonment. On direct appeal, we granted the Government's motion to enforce the appellate waiver. See C.A. No. 11-4101. In 2012, Murin filed a § 2255 motion, attacking his sentence and conviction. The District Court enforced the waiver and dismissed the motion, and we declined to issue a certificate of appealability. See C.A. No. 13-1605. And in November 2016, we denied Murin's § 2244 application to file a second or successive § 2255 motion. See C.A. No. 16-3620.

On December 15, 2016, Murin filed in the District Court a "Motion for Relief Pursuant to Rule 60(b) and Rule 59(e) of Federal Rules of Civil Procedure," asking that his case be remanded for resentencing on the basis of a change in the United States Sentencing Guidelines. That same day, the District Court issued an order directing the Government to respond to the motion by January 20, 2017, and allowing Murin to reply by February 10, 2017. The Government filed a timely response, and, on February 7, 2017, Murin filed a reply. The motion, however, remains pending in the District Court, despite Murin's subsequent July 7, 2017 motion for a ruling on it. Murin filed a petition for a writ of mandamus in this Court alleging extraordinary delay in the adjudication of the motion.

2

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). "[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997), but the manner in which a court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Murin's post-judgment motion has been fully briefed and ripe for resolution since February 7, 2017. While the amount of time that it is has been pending is concerning, we do not believe, at this time, that the delay is so lengthy as to amount to a failure to exercise jurisdiction. See Madden, 102 F.3d at 79 (holding that the district court's delay of five months was "of concern," though not yet a denial of due process); see also Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding that mandamus relief was appropriate after a delay of fourteen months due only to docket congestion). We are confident that the District Court will expeditiously rule on the pending motion. Furthermore, Murin does not allege that the delay in his case was purposeful or pursuant

to a policy of discrimination.  Cf. Prantil v. California, 843 F.2d 314, 319 (9th Cir. 1988).
Thus, we conclude that there is no basis here for an extraordinary remedy.

For the foregoing reasons, we will deny the petition for a writ of mandamus.  Our denial is, however, without prejudice to Murin's filing a renewed petition should the District Court not rule on his December 15, 2016 post-judgment motion within 90 days of our ruling.